Modified.

### In re BUCKWALTER. *

Patent Appeal No. 3411.

Court of Customs and Patent Appeals.

March 4, 1935.

James A. Carr and Joseph J. Gravely, both of St. Louis, Mo., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner denying patentability, in view of the prior art cited, of seven claims (being all the claims), numbered 3, 4, 9, 10, 11, 12, and 13, of an application relating to a connecting rod.

Claims 3 and 9 are regarded as fairly illustrative:

"3. A connecting rod of integral construction comprising a web with a main bearing opening provided at its end, a comparatively wide annular flange defining said opening and a flange of slightly less width than the annular flange extending continuously around the top, main bearing end and bottom of said web."

"9. The combination of a connecting rod of I-shaped cross section, and having an arcuate flange surrounding the main hearing end that merges into the top and bottom flanges of said rod, said connecting rod having an opening provided in the main bearing end and an annular flange defining said opening, a crank pin extending therein, an

*Appellant's petition for rehearing denied April 8, 1935.

inner bearing member mounted on said pin, rollers interposed between said inner bearing member and said outer bearing members, said outer bearing members having their outer ends extending outside of the ends of said annular flange and side plates engaging the outer ends of said outer bearing members, said side plates being held together by bolts extending through the neutral axis of the top, bottom and outer end portions of the rod surrounding the opening."

Claim No. 13 refers to the rod as a "locomotive connecting rod."

The references cited are: Layman, 1,-226,978, May 22, 1917; Pribil, 1,308,992, July 8, 1919; Canfield, 1,773,301, August 19, 1930.

It may be said that claims 3, 4, and 13, which were rejected as not being patentable over either the Pribil or Layman patents, relate particularly to the integral construction of the connecting rod, while the other claims, rejected in view of the Canfield patent, embrace a combination which includes a connecting rod, bearing structure, and crank pin.

The here pertinent disclosure of the application is of a connecting rod constructed integrally, or in one piece, having an I-shaped cross section with a crank pin opening in one of its ends, the drawings showing a straight web portion of the rod, with flanges; and a circular web portion having inner and outer annular flanges, roller bearings being interposed between the connecting rod and the crank pin.

In other words, appellant has made a connecting rod in one piece by extending the flanged I-beam cross section continually around a crank pin bearing opening, and has mounted roller bearings at the appropriate place between the rod and the crank pin.

The patent to Layman shows a connecting rod, I-shaped in cross section, having one end larger than the other, with openings for pins in both ends, the openings surrounded by annular flanges. The larger end, according to the specification, is divided or sawed transversely, after being made, in order to form a cap separated from the main part of the rod, which cap is bound in position by bolts. However, the specification recites: " * * * But it will be understood that my invention is not limited to the sawing or dividing of the larger end of the rod to form a cap, especially in the making of the smaller class of rods which are frequently made and used without caps."

The patent to Pribil discloses a connecting rod with a shank whose cross section is similar to an I-beam; the I-section extending around the openings for pins in the ends of the rods.

The patent to Canfield is for an antifriction bearing, and discloses a connecting rod and crank shaft with a bearing including rollers interposed between such rod and shaft.

While the specification of appellant's application recites that his "invention relates to reciprocating connecting rods such as the main rod of a locomotive," and, while the brief on his behalf states that the invention is concerned with the connecting rod of a steam locomotive, there is only one of the claims (No. 13) which specifies "locomotive" (this being in the preamble), and none contains any limitation to "steam" locomotives.

This is said in view of appellant's argument that none of the references is concerned with a locomotive connecting rod which requires a high degree of strength, but that they apparently are of the type used in motor vehicle engines.

As has been so often said, the claim is the measure of the invention, and, if appellant's claims were so broadly drawn as to read upon the prior art, we know of no rule which would authorize the tribunals of the Patent Office, or the courts to read limitations, based upon extraneous arguments, into them.

The respective decisions of the tribunals of the Patent Office are quite clear in their statements showing the applicability of the references, and there is nothing which we need add thereto.

The brief for appellant very frankly concedes that there is no invention in "merely making in one piece what had previously been made in two or more," and also concedes the correctness of the Board's observation that "mere difference in size without anything but the expected increase in strength and rigidity for use in large constructions would not amount to patentable improvement," but insists that there are "vital factors" in the present case which are not reckoned with in such propositions.

We can only say that such factors, if they exist, do not seem to be expressed in the claims in such a manner as to render them distinguishable in any patentable sense from the prior art.

It is doubtless true, as to the combination claims, such as No. 9, supra, rejected upon Canfield, that there are details of construction not found in Canfield, but this does not of itself render the combination, as such, patentable. Vide In re Germantown Trust Co., Executor of the Estate of Charles E. Vawter, deceased, 57 F.(2d) 365, 19 C. C. P. A. (Patents) 1140, with its several citations.

No error is found in the decision of the Board of Appeals, and the same is affirmed.

Affirmed.